**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4743**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

   v.

MICHAEL D. WILLIAMS,

           Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:18-cr-00264-1)

Submitted: March 31, 2021           Decided: April 23, 2021

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Payne, REDMAN & PAYNE, PLLC., Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Nowles H. Heinrich, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While Michael D. Williams was serving a term of supervised release, a police officer observed Williams pull out a gun during an altercation with Treylonnie Robertson. Williams subsequently pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). At Williams' subsequent sentencing hearing, where he was sentenced both on the § 922(g) conviction and on his supervised release violations, the district court sentenced Williams, within the advisory Sentencing Guidelines range, to 63 months' imprisonment on the § 922(g) conviction, and to a consecutive 9-month term on the supervised release violations. In imposing the 63-month sentence on the § 922(g) conviction, the court applied a two-level obstruction of justice enhancement, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2018), based on its finding that Williams attempted to suborn perjury by persuading Robertson to testify at Williams' preliminary hearing on the supervised release violations that Williams did not have a gun. Williams appeals his sentence, challenging the district court's finding that he obstructed justice. We affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The facts forming a district court's basis for imposing an obstruction of justice enhancement are reviewed for clear error. *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015).

Williams argues that the district court erred by finding that he suborned the perjury of Robertson and therefore improperly applied the USSG § 3C1.1 obstruction of justice

2

enhancement and declined to apply a reduction for acceptance of responsibility. His argument focuses exclusively on whether the court erred in finding that Robertson committed perjury.

Guidelines § 3C1.1 instructs a district court to increase a defendant's offense level by two levels "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction." USSG § 3C1.1 (emphasis added). Obstructive conduct within the meaning of § 3C1.1 includes "attempting to suborn perjury . . . if such perjury pertains to conduct that forms the basis of the offense of conviction." USSG § 3C1.1 cmt. n. 4(B) (emphasis added).

Subornation of perjury consists of three elements: (1) "the suborner should have known or believed or have had good reason to believe that the testimony given would be false"; (2) "should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity"; and (3) have "knowingly and willfully induced or procured the witness to give false testimony." *Petite v. United States*, 262 F.2d 788, 794 (4th Cir. 1959), *vacated on other grounds*, 361 U.S. 529 (1960); *see also United States v. Heater*, 63 F.3d 311, 320 (4th Cir. 1995) ("Subornation of perjury consists of procuring or instigating another to commit the crime of perjury."). Attempt has two elements: "the defendant (1) had a culpable intent to commit the substantive crime and (2) took a substantial step towards completion of the crime that strongly corroborates that

3

intent." *United States v. Haas*, 986 F.3d 467, 478 (4th Cir. 2021) (internal quotation marks omitted).

Here, the district court explicitly found that Williams attempted to suborn perjury and applied the § 3C1.1 enhancement on that basis. The court found that Williams "undertook to impede the administration of justice in the prosecution and investigation of his case, as well as the sentencing in it,[ ] by attempting to persuade [Robertson] . . . to state falsely in an official proceeding that the defendant did not possess a gun, when, in fact, it is quite clear that he did on the occasion of the altercation between Mr. Williams and Mr. Robertson." (J.A. 83).* Williams does not dispute the court's findings that he tried to convince Robertson to testify that Williams did not have a gun even though Williams knew this was not true.

In recorded jail telephone calls placed by Robertson to Williams, Robertson addressed Williams deferentially and mentioned doing work for him, Williams said that he would have someone take Robertson's statement that Williams never had a gun and would bond Robertson out of jail, and Robertson assured Williams that he knew what to say. In a recorded jail call from Williams to his girlfriend, Williams said that he and Robertson agreed that there was no gun. At the preliminary hearing, Robertson testified that he saw a cell phone but no gun in Williams' hand.

The district court never expressly found that Robertson committed perjury. However, the two men were approximately five feet apart and facing each other when

---

* "J.A." refers to the Joint Appendix filed by the parties.

4

Williams pulled out the gun. A police officer who was 30 or 40 yards away witnessed the incident, including Williams taking the gun out of his pocket. Furthermore, no cell phone was ever recovered. On cross examination at the preliminary hearing, Robertson denied that he spoke with Williams after the incident and, although he admitted he placed the jail telephone calls, he claimed it was not Williams who he called. The district court did not clearly err in implicitly finding that this testimony was false.

Moreover, Williams does not dispute the district court's findings that he made a deal with Robertson to say that he did not have a gun. By his own admission, Williams had a gun in his hand. With this knowledge, he put Robertson on the witness stand knowing that Robertson would testify that he did not have a gun. We conclude the court did not clearly err in concluding that Williams attempted to suborn perjury—a finding that Williams fails to challenge on appeal—and did so in order to impede the administration of justice in the investigation and prosecution of the § 922(g) offense. Accordingly, the district court did not abuse its discretion in applying the § 3C1.1 enhancement and declining to apply a reduction for acceptance of responsibility. *Cf. Andrews*, 808 F.3d at 969-70 (upholding § 3C1.1 enhancement where defendant knew in advance, and likely arranged, his witnesses' false testimony).

We therefore affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5